NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAVIER ORLANDO AMEY, *Appellant.*

No. 1 CA-CR 18-0828
FILED 10-15-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-000344-001
The Honorable George H. Foster, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

---

**J O N E S,** Judge:

¶1        Javier Amey appeals his conviction and sentence for one count of possession of the narcotic drug oxycodone. After searching the entire record, Amey's defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error. Amey was granted an opportunity to file a supplemental brief *in propria persona* and did not do so. After reviewing the entire record, we find no error. Accordingly, Amey's conviction and sentence is affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2        On May 30, 2017, a Phoenix Police Department detective initiated a routine traffic stop of a vehicle he observed making an illegal turn.[1] After a short pursuit of the fleeing vehicle, the passenger, later identified as Amey, was lawfully arrested. During a search incident to arrest, another detective found four pills in the coin pocket of the shorts Amey was wearing underneath a pair of pants. Using a TruNarc Laser,[2] the detectives' preliminary investigation identified the pills as oxycodone.

---

[1]        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

[2]        The TruNarc laser works by sending a beam of light into a substance, and analyzing the substance's scattered spectrum of light. Every chemical compound has a unique spectrum of light, and thus, the TruNarc matches the substance's light spectrum to a database of known drugs.

Subsequent testing[3] confirmed the pills were "Oxycodone in a usable condition"— a narcotic drug under Arizona law. A.R.S. §§ 13-3401(20)(ttt), (21)(dd). Amey did not present any evidence suggesting he had a prescription for this substance.

**¶3** After Amey moved unsuccessfully for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20(a), the jury convicted Amey of one count of possession of narcotic drugs. The trial court suspended imposition of sentence and placed Amey on supervised probation for a term of two years. Amey timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[4] 13-4031, and -4033(A)(1).

## DISCUSSION

**¶4** Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). A person is guilty of narcotic drug possession under A.R.S. § 13-3408(A)(1) if the individual "knowingly . . . possess[es] or use[es] a narcotic drug." The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt that Amey was guilty of the charged offense.

**¶5** All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Amey was present for and represented by counsel at all critical stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Amey's presumption of innocence. At sentencing, Amey was given an opportunity to speak, and the court stated upon the record the evidence and materials it considered and the factors it found in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the

---

[3] The Phoenix Police Department's Crime Laboratory's used a Gas Chromatograph mass spectrometer, a device that separates the components of a chemical compound to determine the materials within the substance.

[4] Absent material changes from the relevant date, we cite the current version of rules and statutes.

sentence imposed was within the statutory limits. *See* A.R.S. § 13-3408; A.R.S. § 13-902.

## CONCLUSION

**¶6**        Amey's conviction and sentence are affirmed.

**¶7**        Defense counsel's obligations pertaining to Amey's representation in this appeal have ended. Defense counsel need do no more than inform Amey of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶8**        Amey has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Amey thirty days from the date of this decision to file an *in propria persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED: AA